AARON D. FORD
Nevada Attorney General
SCOTT H. HUSBANDS
Deputy Attorney General
Nevada Bar No. 11398
GERALD L. TAN
Deputy Attorney General
Nevada Bar No. 13596
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV  89511
(775) 687-2121 (phone)
(775) 688-1822 (fax)
Email: shusbands@ag.nv.gov
         gtan@ag.nv.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH MORGAN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *ex rel*. its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel*. its TAXICAB AUTHORITY; BRUCE BRESLOW, in his individual capacity; TERRY REYNOLDS, in his individual capacity; SCOTT WHITTEMORE, in his individual capacity; RUBEN AQUINO, in his individual capacity; GENEVIEVE HUDSON, in her individual capacity; RONALD GROGAN, in his individual capacity; CHARLES HARVEY, in his individual capacity; ANTOINE "CHRIS" RIVERS, in his individual capacity; CJ MANTHE, in her individual capacity; DOES I through X inclusive; and ROES XI through XX, inclusive,<br><br>Defendants. | Case No.:  2:19-cv-02239-KJD-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND[1] REQUEST]** |

Pursuant to LR 7-1 and LR 26-3, Plaintiff JOSEPH MORGAN ("Plaintiff"), by and through his counsel of record, E. Brent Bryson, Esq. of the Law Offices of E. Brent Bryson, LTD., and Defendants BRUCE BRESLOW, TERRY REYNOLDS, SCOTT WHITTEMORE,

---

[1] The parties' first request was denied due to addressing the incorrect standard for an extension of deadlines. ECF No. 23.


RUBEN AQUINO, GENEVIEVE HUDSON, RONALD GROGAN, CHARLES HARVEY, ANTOINE "CHRIS" RIVERS AND C. J. MANTHE (each an "Individual Defendant" and collectively the "Individual Defendants"), by and through their attorneys of record, AARON D. FORD, Attorney General for the State of Nevada, SCOTT H. HUSBANDS, Deputy Attorney General, and GERALD L. TAN, Deputy Attorney General hereby stipulate and request that this court extend discovery deadlines and any unexpired deadlines in the above-captioned case one hundred and eighty (180) days. In support of this stipulation and request, the parties state as follows:

## I. DISCOVERY COMPLETED TO DATE

1. On December 30, 2019, the Plaintiff filed his Complaint. ECF No. 1.
2. On March 17, 2020, the Defendants filed their Answer to Plaintiff's Complaint, ECF No. 10, and Defendants' Certificate of Interested Parties, ECF No. 11.
3. On March 18, 2020, this Court ordered an Early Neutral Evaluation Session (ENE) for June 15, 2020. ECF No. 12.
4. On May 20, 2020, this Court ordered that ENE Confidential Statements are due by June 8, 2020. ECF No. 14.
5. On May 29, 2020, the Defendants filed a Notice of Association of Counsel Deputy Attorney General Gerald L. Tan. ECF. No. 15.
6. On June 2, 2020, the parties stipulated to a 14-day extension of time to exchange FRCP 26 initial disclosures. ECF No. 16.
7. On June 3, 2020, this Court granted the parties' request for a 14-day extension of time to exchange FRCP 26 initial disclosures. ECF No. 17.
8. On June 12, 2020, the Plaintiff provided his initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).
9. On June 15, an ENE Session was held between the parties, but a settlement agreement was not reached. ECF No. 18.
10. On June 16, 2020, the Defendants provided their initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

11. On July 17, 2020, the parties stipulated to a discovery plan and scheduling order. ECF No. 19.

12. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order. ECF No. 20.

13. On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2. ECF No. 21.

14. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order. ECF No. 20.

15. On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2. ECF No. 21.

16. On October 29, 2020, Plaintiff timely served a set of interrogatories and document requests to each Defendant. These requests were served in compliance with the existing discovery cutoff in this matter.

17. On October 30, 2020, Plaintiff timely served deposition notices to each of the Defendants. The parties have agreed to vacate these depositions in light of this stipulation to extend the discovery deadlines and all other unexpired deadlines in this matter. The parties will reschedule these depositions to future agreed-upon dates and times.

18. On November 12, 2020, pursuant to local rules, counsel for Mr. Morgan and the Individual Defendants met and conferred telephonically regarding a number of issues including discovery matters. That meet and confer resulted in the terms set forth in this stipulation.

II. **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

This request for an extension of all unexpired deadlines was initiated by Defendants and has been agreed to by Plaintiff. While the parties have exchanged initial disclosures and Plaintiff has propounded some discovery, the parties must still conduct extensive written discovery. There are a number of depositions of both lay and expert witnesses that will need to be taken in addition to those depositions already noticed by Plaintiff. Due to the COVID-19 pandemic and orders of the Governor of the State of Nevada, the parties' progress on these matters has been slowed despite the best efforts of counsel.

Plaintiff has timely served a series of requests for the production of documents and interrogatories. Plaintiff also timely served notices of deposition.[2] Given that defense counsel's office has again been placed into full-time remote work status due to the COVID-19 pandemic, defense counsel will need more time to respond to the written discovery, as well as propound their own written discovery, than the established deadlines will allow. Defendants have requested an extension of the rebuttal expert disclosure deadline because the Office of the Attorney General has a lengthy and complicated process for retention of expert witnesses. While Defendants have begun this process, there is simply no possibility that all of the approvals can be obtained in time to prepare the materials that will be necessary to disclose. Therefore, good cause exists to extend all unexpired discovery deadlines, and it is respectfully requested that the discovery deadlines in this matter be continued.

### III. REMAINING DISCOVERY

1. The Plaintiff will likely serve additional written discovery requests.
2. Defendants need to serve written discovery requests and Defendants expect to serve additional written discovery requests as discovery progresses.
3. Defendants need to disclose a rebuttal expert witness and need additional time to obtain the necessary internal approvals for retention of an expert witness.
4. The Plaintiff and Defendants need to take the depositions of relevant witnesses and expert witnesses.

### IV. SCHEDULE FOR COMPLETING REMAINING DISCOVERY

Based on the good cause to extend the unexpired discovery deadlines in this case, the parties submit the following proposed discovery schedule:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Rebuttal Expert Disclosures Pursuant to FRCP 26(a)(2) | *November 16, 2020* | *February 19, 2021* |

---

[2] The parties have agreed to vacate these deposition notices and reschedule them to a mutually agreeable date and time.

| Discovery Cut-Off Date | *December 14, 2020* | *June 11, 2021* |
|---|---|---|
| Dispositive Motions | *January 13, 2021* | *July 13, 2021* |
| Joint Pretrial Order | *February 12, 2021* | *August 11, 2021 (If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order).* |

This request for extensions of time are not sought for any improper purpose or other purposes of delay. The COVID-19 pandemic has stalled the parties' attempts to conduct meaningful discovery in this matter. Additionally, Defendants must adhere to state administrative processes to contract with expert witnesses, which takes a substantial amount of time. The parties have worked diligently at complying with the deadlines that can be met, but good cause exists to extend the current discovery deadlines.

WHEREFORE, the parties respectfully request that this court extend discovery dates as outlined in accordance with the table above.

APPROVED AS TO FORM AND CONTENT this 13th day of November, 2020.

By:  /s/Scott H. Husbands
    SCOTT H. HUSBANDS, ESQ.
    Deputy Attorney General
    Nevada Bar No. 11398
    GERALD R. TAN
    Nevada Bar No. 13596
    5420 Kietzke Lane, Suite 202
    Reno, NV 89511
    **Attorney for Defendants**

By:  /s/ E. Brent Bryson
    E. BRENT BRYSON, ESQ.
    E. BRENT BRYSON, LTD.
    Nevada Bar No. 4933
    3202 West Charleston Blvd.
    Las Vegas, NV 89102
    **Attorney for Plaintiff**

**IT IS SO ORDERED:**

DATED this 16th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

5