1  AARON D. FORD
   Nevada Attorney General
2  SCOTT H. HUSBANDS
   Deputy Attorney General
3  Nevada Bar No. 11398
   GERALD L. TAN
4  Deputy Attorney General
   Nevada Bar No. 13596
5  State of Nevada
   Office of the Attorney General
6  5420 Kietzke Lane, Suite 202
   Reno, NV  89511
7  (775) 687-2121 (phone)
   (775) 688-1822 (fax)
8  Email: shusbands@ag.nv.gov
          gtan@ag.nv.gov
   *Attorneys for Defendants*

9

                   **UNITED STATES DISTRICT COURT**
10
                        **DISTRICT OF NEVADA**
11

12  JOSEPH MORGAN, an Individual          | Case No.:  2:19-cv-02239-KJD-DJA

13                Plaintiff,

14  vs.

15  STATE OF NEVADA, *ex rel.* its          **STIPULATION AND ORDER TO**
    DEPARTMENT OF BUSINESS AND              **EXTEND DISCOVERY DEADLINES**
16  INDUSTRY, STATE OF NEVADA, *ex rel.* its
    TAXICAB AUTHORITY; BRUCE                **[THIRD[1] REQUEST]**
17  BRESLOW, in his individual capacity; TERRY
    REYNOLDS, in his individual capacity;
18  SCOTT WHITTEMORE, in his individual
    capacity; RUBEN AQUINO, in his individual
19  capacity; GENEVIEVE HUDSON, in her
    individual capacity; RONALD GROGAN, in
20  his individual capacity;
    CHARLES HARVEY, in his individual
21  capacity; ANTOINE "CHRIS" RIVERS, in his
    individual capacity; CJ MANTHE, in her
22  individual capacity; DOES I through X
    inclusive; and ROES XI through XX, inclusive,
23

24                Defendants.

25        Pursuant to LR 7-1 and LR 26-3, Plaintiff JOSEPH MORGAN ("Plaintiff"), by and

26  through his counsel of record, E. Brent Bryson, Esq. of the Law Offices of E. Brent Bryson,

27  _____

28        [1] The parties' first request was denied due to addressing the incorrect standard for an extension of
    deadlines.  ECF No. 23.

LTD., and Defendants BRUCE BRESLOW, TERRY REYNOLDS, SCOTT WHITTEMORE, RUBEN AQUINO, GENEVIEVE HUDSON, RONALD GROGAN, CHARLES HARVEY, ANTOINE "CHRIS" RIVERS AND C. J. MANTHE (each an "Individual Defendant" and collectively the "Individual Defendants"), by and through their attorneys of record, AARON D. FORD, Attorney General for the State of Nevada, SCOTT H. HUSBANDS, Deputy Attorney General, and GERALD L. TAN, Deputy Attorney General hereby stipulate and request that this court extend discovery deadlines and any unexpired deadlines in the above-captioned case for a period of nine months.  In support of this stipulation and request, the parties state as follows:

## I.    DISCOVERY COMPLETED TO DATE

1. On December 30, 2019, the Plaintiff filed his Complaint.  ECF No. 1.

2. On March 17, 2020, the Defendants filed their Answer to Plaintiff's Complaint, ECF No. 10, and Defendants' Certificate of Interested Parties, ECF No. 11.

3. On March 18, 2020, this Court ordered an Early Neutral Evaluation Session (ENE) for June 15, 2020.  ECF No. 12.

4. On May 20, 2020, this Court ordered that ENE Confidential Statements are due by June 8, 2020.  ECF No. 14.

5. On May 29, 2020, the Defendants filed a Notice of Association of Counsel Deputy Attorney General Gerald L. Tan.  ECF. No. 15.

6. On June 2, 2020, the parties stipulated to a 14-day extension of time to exchange FRCP 26 initial disclosures.  ECF No. 16.

7. On June 3, 2020, this Court granted the parties' request for a 14-day extension of time to exchange FRCP 26 initial disclosures.  ECF No. 17.

8. On June 12, 2020, the Plaintiff provided his initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

9. On June 15, an ENE Session was held between the parties, but a settlement agreement was not reached.  ECF No. 18.

10. On June 16, 2020, the Defendants provided their initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

/ / /

2

11. On July 17, 2020, the parties stipulated to a discovery plan and scheduling order. ECF No. 19.

12. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

13. On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

14. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

15.  On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

16. On October 29, 2020, Plaintiff timely served a set of interrogatories and document requests to each Defendant.  These requests were served in compliance with the existing discovery cutoff in place at that time.  The parties agreed to extend the deadline for Defendants to provide their discovery responses.  Consistent with this agreement, Defendants served their responses on January 8, 2021.

17. On October 30, 2020, Plaintiff timely served deposition notices to each of the Defendants.  The parties have agreed to vacate these depositions in light of their November 2020 stipulation to extend the discovery deadlines and all other unexpired deadlines in this matter.  The parties agreed to reschedule these depositions to future agreed-upon dates and times.  The parties have not yet rescheduled these depositions as a result of Plaintiff's counsel's workload and issues involving the global COVID-19 pandemic.

18. On November 12, 2020, pursuant to local rules, counsel for Mr. Morgan and the Individual Defendants met and conferred telephonically regarding a number of issues including discovery matters.  That meet and confer resulted in the terms set forth in the parties' November 2020 stipulation.  The Court entered an order approving the terms of the parties' stipulation on November 16, 2020.  (ECF No. 29).

19. On May 4, 2021, the Court entered its order denying a motion to dismiss filed by Defendants STATE OF NEVADA, *ex rel*. its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel*. its TAXICAB AUTHORITY (the "Agency Defendants").  (ECF no. 30).  As part of its order, the Court allowed

1    Plaintiff 30 days to properly serve these defendants so that they could be made

2    proper parties to the litigation.

3    20. On the same day the Court entered the order referenced above, the undersigned

4    counsel met and conferred on a number of matters including discovery matters.

5    Counsel agreed that the parties needed additional time to conduct their remaining

6    discovery.  Further, the parties agreed that the imminent addition of the Agency

7    Defendants would greatly expand the scope of discovery and that additional time

8    would be needed.  Lastly, the parties expressed their hope that pandemic-related

9    concerns were lessening and that it might be possible to conduct in person

10    depositions if the deadlines in this matter were extended.  Counsel agreed that in

11    person depositions were preferable to depositions being taken virtually.

12    II.    **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

13    This request for an extension of all unexpired deadlines was initiated upon the mutual

14    interest of all parties.  The parties have exchanged initial disclosures and the Individual

15    Defendants have responded to limited written discovery.  The parties anticipate the need to

16    conduct further extensive written discovery.  There are a number of depositions of both lay and

17    expert witnesses that will need to be taken in addition to those depositions already noticed by

18    Plaintiff.  Due to the COVID-19 pandemic and orders of the Governor of the State of Nevada,

19    the parties' progress on these matters has been slowed despite the best efforts of counsel.  The

20    parties are hopeful that with an extension of the deadlines in this matter, that they may be able to

21    take depositions in person soon.

22    Further, all undersigned counsel, and in particular, Plaintiff's counsel, have had a number

23    of other matters involving lengthy hearings and trials.  This has consumed a great deal of

24    counsel's time in the last six months.  These issues, and pandemic-related issues of remote work

25    and limited resources have greatly complicated the parties' ability to conduct the extensive

26    discovery that is needed in this matter.  Therefore, the parties submit that good cause exists to

27    extend all unexpired discovery deadlines, and it is respectfully requested that the deadlines in

28    this matter be continued.

4

**III.    REMAINING DISCOVERY**

1.  The Plaintiff will likely serve additional written discovery requests.

2.  Defendants need to serve written discovery requests and Defendants expect to serve additional written discovery requests as discovery progresses.

3.  The Plaintiff and Defendants need to take the depositions of relevant witnesses and expert witnesses.

4.  Although the Agency Defendants are not yet proper parties to this matter, their inclusion in this matter is imminent.  This will greatly expand the scope of discovery such that a preemptive extension of the deadlines in this matter is prudent.

**IV.    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

Based on the good cause to extend the unexpired discovery deadlines in this case, the parties submit the following proposed discovery schedule:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off Date | *June 11, 2021* | *March 11, 2022* |
| Dispositive Motions | *January 13, 2021* | *April 15, 2022* |
| Joint Pretrial Order | *February 12, 2021* | *May 13, 2022 (If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order).* |

This request for extensions of time are not sought for any improper purpose or other purposes of delay. The COVID-19 pandemic has stalled the parties' attempts to conduct meaningful discovery in this matter.  The parties have worked diligently at complying with the deadlines that can be met, but good cause exists to extend the current discovery deadlines.

/ / /

/ / /

5

1    WHEREFORE, the parties respectfully request that this court extend discovery dates as

2  outlined in accordance with the table above.

3        APPROVED AS TO FORM AND CONTENT this 20th day of May, 2021.

4  By:   */s/Scott H. Husbands*                        By:   */s/ E. Brent Bryson*
        SCOTT H. HUSBANDS, ESQ.                          E. BRENT BRYSON, ESQ.
5        Deputy Attorney General                          E. BRENT BRYSON, LTD.
        Nevada Bar No. 11398                             Nevada Bar No. 4933
6        GERALD R. TAN                                    3202 West Charleston Blvd.
        Nevada Bar No. 13596                             Las Vegas, NV 89102
7        5420 Kietzke Lane, Suite 202                     **Attorney for Plaintiff**
        Reno, NV 89511
8        **Attorney for Defendants**

9

10  **IT IS SO ORDERED** .

11                                                      _____
                                                      UNITED STATES MAGISTRATE JUDGE
12                                                      DATED: June 1, 2021

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6