1
2
3
4
5
6
7
8
9

AARON D. FORD
Nevada Attorney General
SCOTT H. HUSBANDS
Deputy Attorney General
Nevada Bar No. 11398
GERALD L. TAN
Deputy Attorney General
Nevada Bar No. 13596
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511
(775) 687-2121 (phone)
(775) 688-1822 (fax)
Email: shusbands@ag.nv.gov
         gtan@ag.nv.gov
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MORGAN, an Individual | Case No.:  2:19-cv-02239-KJD-DJA |
| Plaintiff, | |
| vs. | |
| STATE OF NEVADA, *ex rel.* its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel.* its TAXICAB AUTHORITY; BRUCE BRESLOW, in his individual capacity; TERRY REYNOLDS, in his individual capacity; SCOTT WHITTEMORE, in his individual capacity; RUBEN AQUINO, in his individual capacity; GENEVIEVE HUDSON, in her individual capacity; RONALD GROGAN, in his individual capacity; CHARLES HARVEY, in his individual capacity; ANTOINE "CHRIS" RIVERS, in his individual capacity; CJ MANTHE, in her individual capacity; DOES I through X inclusive; and ROES XI through XX, inclusive, | **STIPULATION AND ORDER REGARDING INITIAL DISCLOSURES AND EXTENSION OF DISCOVERY DEADLINES**<br><br>**[FOURTH[1] REQUEST]** |
| Defendants. | |

---

[1]  The parties' first request was denied due to addressing the incorrect standard for an extension of deadlines.  ECF No. 23.  The parties' current stipulation involves establishing dates by which certain defendants will deliver mandatory disclosures.  This is the first time the parties have requested an extension on the standard timeline for those disclosures.  The parties' stipulation also includes a request to extend the discovery deadline in this matter

Pursuant to LR 7-1 and LR 26-3, Plaintiff JOSEPH MORGAN ("Plaintiff"), by and through his counsel of record, E. Brent Bryson, Esq. of the Law Offices of E. Brent Bryson, LTD., and Defendants STATE OF NEVADA, *ex rel*. its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel*. its  TAXICAB AUTHORITY (together "the Agency Defendants") and BRUCE BRESLOW, TERRY REYNOLDS, SCOTT WHITTEMORE, RUBEN AQUINO, GENEVIEVE HUDSON, RONALD GROGAN, CHARLES HARVEY, ANTOINE "CHRIS" RIVERS AND C. J. MANTHE (each an "Individual Defendant" and collectively the "Individual Defendants" and together with the Agency Defendants "the Defendants"), by and through their attorneys of record, AARON D. FORD, Attorney General for the State of Nevada, SCOTT H. HUSBANDS, Deputy Attorney General, and GERALD L. TAN, Deputy Attorney General hereby stipulate and request that this court establish a date by which the Agency Defendants will deliver their mandatory disclosures. The parties also have agreed to extend discovery deadlines and any unexpired deadlines in the above-captioned case for a period of six months.  In support of this stipulation and request, the parties state as follows:

**I.      DISCOVERY COMPLETED TO DATE**

1.   On December 30, 2019, the Plaintiff filed his Complaint.  ECF No. 1.

2.   On March 17, 2020, the Defendants filed their Answer to Plaintiff's Complaint, ECF No. 10, and Defendants' Certificate of Interested Parties, ECF No. 11.

3.   On March 18, 2020, this Court ordered an Early Neutral Evaluation Session (ENE) for June 15, 2020.  ECF No. 12.

4.   On May 20, 2020, this Court ordered that ENE Confidential Statements were due by June 8, 2020.  ECF No. 14.

5.   On May 29, 2020, the Defendants filed a Notice of Association of Counsel Deputy Attorney General Gerald L. Tan.  ECF. No. 15.

6.   On June 2, 2020, the parties stipulated to a 14-day extension of time to exchange

---

and will be the parties' fourth request for such an extension.

FRCP 26 initial disclosures on behalf of the Individual Defendants.  ECF No. 16.

7.  On June 3, 2020, this Court granted the parties' request for a 14-day extension of time to exchange FRCP 26 initial disclosures.  ECF No. 17.

8.  On June 12, 2020, the Plaintiff provided his initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

9.  On June 15, an ENE Session was held between the parties but a settlement agreement was not reached.  ECF No. 18.

10. On June 16, 2020, the Individual Defendants provided their initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

11. On July 17, 2020, the parties stipulated to a discovery plan and scheduling order. ECF No. 19.

12. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

13. On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

14. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

15.  On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

16. On October 29, 2020, Plaintiff timely served a set of interrogatories and document requests to each Individual Defendant.  These requests were served in compliance with the existing discovery cutoff in place at that time.  The parties agreed to extend the deadline for Defendants to provide their discovery responses.  Consistent with this agreement, the Individual Defendants served their responses on January 8, 2021.

17. On October 30, 2020, Plaintiff timely served deposition notices to each of the Individual Defendants.  The parties agreed to vacate those depositions in light of their November 2020 stipulation to extend the discovery deadlines and all other unexpired deadlines in this matter.  The parties agreed to reschedule these depositions to future agreed-upon dates and times.

18. On November 12, 2020, pursuant to local rules, counsel for Mr. Morgan and the

Individual Defendants met and conferred telephonically regarding a number of issues including discovery matters.  That meet and confer resulted in the terms set forth in the parties' November 2020 stipulation.  The Court entered an order approving the terms of the parties' stipulation on November 16, 2020.  (ECF No. 29).

19. On May 4, 2021, the Court entered its order denying a motion to dismiss filed by the Agency Defendants  (ECF No. 30).  As part of its order, the Court allowed Plaintiff 30 days to properly serve these defendants so that they could be made proper parties to the litigation.

20. On the same day the Court entered the order referenced above, the undersigned counsel met and conferred on a number of matters including discovery matters. Counsel agreed that the parties needed additional time to conduct their remaining discovery.  Further, the parties agreed that the imminent addition of the Agency Defendants greatly expanded the scope of discovery and that additional time would be needed.  Counsel agreed that in person depositions were preferable to depositions being taken virtually.  The parties prepared a stipulation to extend discovery deadlines in this matter.  The Court entered an order approving that stipulation on June 1, 2021.

21. On October 29, 2021, Plaintiff noticed the depositions of five of the Individual Defendants.  Counsel met and conferred regarding the schedule for these depositions and agreed to postpone the depositions while the parties worked through disclosure issues.  The parties agreed that the Agency Defendants would provide their mandatory disclosures by Friday, January 7, 2022 and that the parties would attempt to set the deposition of Ruben Aquino for late January 2022.  The parties further agreed that other depositions would follow including that of Plaintiff.  Lastly, given the large number of depositions and discovery to be completed, the parties agreed to request another extension of the discovery deadlines in this matter so that depositions could hopefully be completed in person and with the benefit of discovery already having been produced.

4

## II.   WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

This request for an extension of all unexpired deadlines was initiated upon the mutual interest of all parties.  The Individual Defendants have provided their initial disclosures and responded to limited written discovery.  The parties anticipate the need to conduct further extensive written discovery.  There are a number of depositions of both lay and expert witnesses that will need to be taken in addition to those depositions already noticed by Plaintiff.  Due to the COVID-19 pandemic and orders of the Governor of the State of Nevada, the parties' progress on these matters has been slowed despite the best efforts of counsel.  Regarding the Agency Defendants' disclosures, there is a significant volume of materials to review and produce.  This review and production has been delayed as a result of pandemic-related concerns and conflicting professional obligations in other matters.  The parties are hopeful that with an extension of the deadlines in this matter, that they may be able to take depositions in person soon and that setting January 7, 2022 as the deadline for the Agency Defendants' disclosures will allow those disclosures to be completed with enough time for Plaintiff's counsel to review those materials in advance of any depositions that need to be scheduled.

Further, all undersigned counsel, and in particular, Plaintiff's counsel, have had a number of other matters involving lengthy hearings and trials.  This has consumed a great deal of counsel's time since the parties' last stipulation.  These issues, and pandemic-related issues of remote work and limited resources have greatly complicated the parties' ability to conduct the extensive discovery that is needed in this matter.  Therefore, the parties submit that good cause exists to the schedule set forth in this stipulation and proposed order, and it is respectfully requested that the deadlines in this matter be continued.

The parties recognize that the Agency Defendants are requesting to submit their disclosures beyond the date established by the rules and that the parties did not submit their request to extend prior to the expiration of the date established by the rules.  The parties must therefore demonstrate excusable neglect as to why the request was not made prior to the expiration of the current date.  The rules established a date for the Agency Defendants disclosures that would have fallen prior to the Agency Defendants' Answer.  Therefore, the

Agency Defendants would not have been able to request an extension prior to its expiration because the expiration predated the Agency Defendants' Answer.  This is a result of the parties agreeing to extend the date by which the Agency Defendants would submit their answer.

As a result, the parties met and conferred in the late summer as to a schedule by which the Agency Defendants would produce their disclosures and depositions would be scheduled. Plaintiff noted his five depositions in October so that the parties could establish some forward momentum towards completing the extensive discovery in this matter.  Given the significant volume of materials to be disclosed, limited staffing and professional obligations in other matters that have all been delayed or complicated due to pandemic-related issues, it has taken longer than expected for the Agency Defendants to gather and produce their disclosures.  The parties agree on the importance of producing those materials in a way that allows Plaintiff's counsel to thoroughly review those materials prior to any depositions in this matter.  The schedule proposed by this stipulation will allow for that time and seeks an agreed upon extension of the discovery deadlines in this matter so that the parties can complete the extensive written discovery needed prior to the depositions that have been discussed.  Concurrent with the terms of this stipulation, the parties are working on a deposition schedule for the first quarter of 2022.

III.   **REMAINING DISCOVERY**

1.  The Plaintiff will likely serve additional written discovery requests.

2.  Defendants need to serve written discovery requests and Defendants expect to serve additional written discovery requests as discovery progresses.

3.  The Plaintiff and Defendants need to take the depositions of relevant witnesses and expert witnesses.

4.  The Agency Defendants will need to provide their mandatory disclosures by January 7, 2022.  The first deposition in this matter, that of Individual Defendant Ruben Aquino, will be set for late January or early February with other depositions to follow.

///

///

IV.     **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

Based on the good cause to extend the unexpired discovery deadlines in this case, the parties submit the following proposed discovery schedule:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off Date | *March 11, 2022* | *September 16, 2022* |
| Dispositive Motions | *April 15, 2022* | *October 14, 2022* |
| Joint Pretrial Order | *May 13, 2022* | *November 18, 2022 (If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order).* |

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

7

1    This request for extensions of time is not sought for any improper purpose or other

2    purposes of delay. The COVID-19 pandemic has stalled the parties' attempts to conduct

3    meaningful discovery in this matter.  The parties have worked diligently at complying with the

4    deadlines that can be met, but good cause exists to extend the current discovery deadlines.

5    WHEREFORE, the parties respectfully request that this court set the due date for the

6    Agency Defendants' disclosures to January 7, 2022, and extend discovery dates as outlined in

7    accordance with the table above.

8    APPROVED AS TO FORM AND CONTENT this 22nd day of December, 2021.

9

10   By:   /s/ Scott H. Husbands                    By:   /s/ E. Brent Bryson
          SCOTT H. HUSBANDS, ESQ.                        E. BRENT BRYSON, ESQ.
11        Deputy Attorney General                        E. BRENT BRYSON, LTD.
          Nevada Bar No. 11398                            Nevada Bar No. 4933
12        GERALD R. TAN                                   3202 West Charleston Blvd.
          Nevada Bar No. 13596                            Las Vegas, NV 89102
13        5420 Kietzke Lane, Suite 202                    **Attorney for Plaintiff**
          Reno, NV 89511
14        **Attorney for Defendants**

15

16   **IT IS SO ORDERED:**

17   DATED this 27th day of December, 2021.

18

19   _____

20   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28