AARON D. FORD
Nevada Attorney General
SCOTT H. HUSBANDS
Deputy Attorney General
Nevada Bar No. 11398
GERALD L. TAN
Deputy Attorney General
Nevada Bar No. 13596
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511
(775) 687-2121 (phone)
(775) 688-1822 (fax)
Email: shusbands@ag.nv.gov
       gtan@ag.nv.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH MORGAN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *ex rel.* its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel.* its TAXICAB AUTHORITY; BRUCE BRESLOW, in his individual capacity; TERRY REYNOLDS, in his individual capacity; SCOTT WHITTEMORE, in his individual capacity; RUBEN AQUINO, in his individual capacity; GENEVIEVE HUDSON, in her individual capacity; RONALD GROGAN, in his individual capacity; CHARLES HARVEY, in his individual capacity; ANTOINE "CHRIS" RIVERS, in his individual capacity; CJ MANTHE, in her individual capacity; DOES I through X inclusive; and ROES XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02239-KJD-DJA<br><br>**STIPULATION AND ORDER REGARDING EXTENSION OF DISCOVERY DEADLINES**<br><br>**[FIFTH[1] REQUEST]** |

---

[1] The parties' first request was denied due to addressing the incorrect standard for an extension of deadlines. ECF No. 23. The parties' current stipulation involves establishing dates by which certain defendants will deliver mandatory disclosures. This is the first time the parties have requested an extension on the standard timeline for those disclosures. The parties' stipulation also includes a request to extend the discovery deadline in this matter and will be the parties' fourth request for such an extension.

Pursuant to LR 7-1 and LR 26-3, Plaintiff JOSEPH MORGAN ("Plaintiff"), by and through his counsel of record, E. Brent Bryson, Esq. of the Law Offices of E. Brent Bryson, LTD., and Defendants STATE OF NEVADA, *ex rel.* its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel.* its TAXICAB AUTHORITY (together "the Agency Defendants") and BRUCE BRESLOW, TERRY REYNOLDS, SCOTT WHITTEMORE, RUBEN AQUINO, GENEVIEVE HUDSON, RONALD GROGAN, CHARLES HARVEY, ANTOINE "CHRIS" RIVERS AND C. J. MANTHE (each an "Individual Defendant" and collectively the "Individual Defendants" and together with the Agency Defendants "the Defendants"), by and through their attorneys of record, AARON D. FORD, Attorney General for the State of Nevada, SCOTT H. HUSBANDS, Deputy Attorney General, and GERALD L. TAN, Deputy Attorney General hereby stipulate and request that this court extend discovery deadlines and any unexpired deadlines in the above-captioned case for a period of six months. In support of this stipulation and request, the parties state as follows:

**I.     DISCOVERY COMPLETED TO DATE**

1. On December 30, 2019, the Plaintiff filed his Complaint. ECF No. 1.

2. On March 17, 2020, the Defendants filed their Answer to Plaintiff's Complaint, ECF No. 10, and Defendants' Certificate of Interested Parties, ECF No. 11.

3. On March 18, 2020, this Court ordered an Early Neutral Evaluation Session (ENE) for June 15, 2020. ECF No. 12.

4. On May 20, 2020, this Court ordered that ENE Confidential Statements were due by June 8, 2020. ECF No. 14.

5. On May 29, 2020, the Defendants filed a Notice of Association of Counsel Deputy Attorney General Gerald L. Tan. ECF. No. 15.

6. On June 2, 2020, the parties stipulated to a 14-day extension of time to exchange

2

FRCP 26 initial disclosures on behalf of the Individual Defendants.  ECF No. 16.

7. On June 3, 2020, this Court granted the parties' request for a 14-day extension of time to exchange FRCP 26 initial disclosures.  ECF No. 17.

8. On June 12, 2020, the Plaintiff provided his initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

9. On June 15, an ENE Session was held between the parties but a settlement agreement was not reached.  ECF No. 18.

10. On June 16, 2020, the Individual Defendants provided their initial disclosure of witnesses and documents pursuant to FRCP 26.1(a)(1).

11. On July 17, 2020, the parties stipulated to a discovery plan and scheduling order. ECF No. 19.

12. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

13. On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

14. On July 23, 2020, this Court granted the parties' discovery plan and scheduling order.  ECF No. 20.

15.  On July 23, 2020, this Court provided Notice Pursuant to LR IB 2-2.  ECF No. 21.

16. On October 29, 2020, Plaintiff timely served a set of interrogatories and document requests to each Individual Defendant.  These requests were served in compliance with the existing discovery cutoff in place at that time.  The parties agreed to extend the deadline for Defendants to provide their discovery responses.  Consistent with this agreement, the Individual Defendants served their responses on January 8, 2021.

17. On October 30, 2020, Plaintiff timely served deposition notices to each of the Individual Defendants.  The parties agreed to vacate those depositions in light of

their November 2020 stipulation to extend the discovery deadlines and all other unexpired deadlines in this matter. The parties agreed to reschedule these depositions to future agreed-upon dates and times.

18. On November 12, 2020, pursuant to local rules, counsel for Mr. Morgan and the Individual Defendants met and conferred telephonically regarding a number of issues including discovery matters. That meet and confer resulted in the terms set forth in the parties' November 2020 stipulation. The Court entered an order approving the terms of the parties' stipulation on November 16, 2020. (ECF No. 29).

19. On May 4, 2021, the Court entered its order denying a motion to dismiss filed by the Agency Defendants (ECF No. 30). As part of its order, the Court allowed Plaintiff 30 days to properly serve these defendants so that they could be made proper parties to the litigation.

20. On the same day the Court entered the order referenced above, the undersigned counsel met and conferred on a number of matters including discovery matters. Counsel agreed that the parties needed additional time to conduct their remaining discovery. Further, the parties agreed that the imminent addition of the Agency Defendants greatly expanded the scope of discovery and that additional time would be needed. Counsel agreed that in person depositions were preferable to depositions being taken virtually. The parties prepared a stipulation to extend discovery deadlines in this matter. The Court entered an order approving that stipulation on June 1, 2021.

21. On October 29, 2021, Plaintiff noticed the depositions of five of the Individual Defendants. Counsel met and conferred regarding the schedule for these depositions and agreed to postpone the depositions while the parties worked through disclosure

issues.  The Agency Defendants ultimately produced their initial disclosures.  Since that time, the parties have not engaged in discovery and have instead discussed the possibility of a global resolution.

II. **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

This request for an extension of all unexpired deadlines was initiated upon the mutual interest of all parties.  The Individual Defendants have provided their initial disclosures and responded to limited written discovery.  The Agency Defendants have also provided their initial disclosures.  The parties anticipate the need to conduct further extensive written discovery.  There are a number of depositions of both lay and expert witnesses that will need to be taken in addition to those depositions already noticed by Plaintiff.  Due to the COVID-19 pandemic, the parties' progress on these matters has been slowed despite the best efforts of counsel.  In addition, several of the Individual Defendants have left their employment.  As a result, it has taken and will take additional time to coordinate their depositions.  The parties are hopeful that with an extension of the deadlines in this matter, that they may be able to complete any remaining discovery.  Additionally, the parties are engaging in global resolution discussions that may result in a settlement of the claims in this matter.  The requested extension would allow the parties to engage in those discussions without imminent deadlines and would also allow enough time to conduct and hopefully complete discovery if the settlement discussions are unproductive.

Further, all undersigned counsel, and in particular, Plaintiff's counsel, have had a number of other matters involving lengthy hearings and trials.  This has consumed a great deal of counsel's time since the parties' last stipulation.  These issues, and pandemic-related issues of remote work and limited resources have greatly complicated the parties' ability to conduct the extensive discovery that is needed in this matter.  Therefore, the parties submit that good cause exists to the schedule set forth in this stipulation and proposed order, and it is respectfully

requested that the deadlines in this matter be continued.

III. **REMAINING DISCOVERY**

1. The Plaintiff will likely serve additional written discovery requests.
2. Defendants need to serve written discovery requests and Defendants expect to serve additional written discovery requests as discovery progresses.
3. The Plaintiff and Defendants need to take the depositions of relevant witnesses and expert witnesses.

IV. **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

Based on the good cause to extend the unexpired discovery deadlines in this case, the parties submit the following proposed discovery schedule:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-Off Date | *September 16, 2022* | *January 13, 2023* |
| Dispositive Motions | *October 14, 2022* | *February 17, 2023* |
| Joint Pretrial Order | *November 18, 2022* | *March 17, 2023 (If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order).* |

This request for extension of time is not sought for any improper purpose or other purposes of delay. The parties have worked diligently at complying with the deadlines that can be met, but good cause exists to extend the current discovery deadlines.

WHEREFORE, the parties respectfully request that this court extend discovery dates as outlined in accordance with the table above.

APPROVED AS TO FORM AND CONTENT this 16th day of September, 2022.

| | | | |
|---|---|---|---|
| By: | /s/ Scott H. Husbands | By: | /s/ E. Brent Bryson |

SCOTT H. HUSBANDS, ESQ.  
Deputy Attorney General  
Nevada Bar No. 11398  
GERALD R. TAN  
Nevada Bar No. 13596  
5420 Kietzke Lane, Suite 202  
Reno, NV 89511  
**Attorney for Defendants**

E. BRENT BRYSON, ESQ.  
E. BRENT BRYSON, LTD.  
Nevada Bar No. 4933  
3202 West Charleston Blvd.  
Las Vegas, NV 89102  
**Attorney for Plaintiff**

**IT IS SO ORDERED:**

DATED this 19th day of September, 2022.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE