AARON D. FORD
Nevada Attorney General
SCOTT H. HUSBANDS
Senior Deputy Attorney General
Nevada Bar No. 11398
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511
(775) 687-2142 (phone)
(775) 688-1822 (fax)
Email: shusbands@ag.nv.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MORGAN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *ex rel*. its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel*. its TAXICAB AUTHORITY; BRUCE BRESLOW, in his individual capacity; TERRY REYNOLDS, in his individual capacity; SCOTT WHITTEMORE, in his individual capacity; RUBEN AQUINO, in his individual capacity; GENEVIEVE HUDSON, in her individual capacity; RONALD GROGAN, in his individual capacity; CHARLES HARVEY, in his individual capacity; ANTOINE "CHRIS" RIVERS, in his individual capacity; CJ MANTHE, in her individual capacity; DOES I through X inclusive; and ROES XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02239-KJD-DJA<br><br>**DEFENDANTS' REQUEST FOR EXCEPTION TO ATTENDANCE REQUIREMENTS FOR SETTLEMENT CONFERENCE** |

Pursuant to ECF No. 57 and 59, Defendants STATE OF NEVADA, *ex rel*. its DEPARTMENT OF BUSINESS AND INDUSTRY, STATE OF NEVADA, *ex rel*. its TAXICAB AUTHORITY (together "the Agency Defendants") and BRUCE BRESLOW, TERRY REYNOLDS, SCOTT WHITTEMORE, RUBEN AQUINO, GENEVIEVE HUDSON,

RONALD GROGAN, CHARLES HARVEY, ANTOINE "CHRIS" RIVERS AND C. J. MANTHE (each an "Individual Defendant" and collectively the "Individual Defendants" and together with the Agency Defendants "the Defendants"), by and through their attorneys of record, AARON D. FORD, Attorney General for the State of Nevada, SCOTT H. HUSBANDS, Senior Deputy Attorney General, hereby submit this written request to the in-person attendance requirements for the March 8, 2024 settlement conference in this matter. Defendants' submit that good cause exists for the exception requested below and that the proposed exception will further the parties' ability to focus on substantive settlement discussions. The defendants' counsel has met and conferred on this issue with Mr. Morgan's counsel via electronic mail. Mr. Morgan's counsel is agreeable to the request on the condition that those in attendance in person have the authority to settle the matter in full on behalf of all named parties. As set forth below, those who attend in person on behalf of the Defendants will have the authority to settle the matter in its entirety on behalf of all named Defendants.

ECF No. 57 states that all attorneys of record, individual parties, fully authorized representatives, and fully authorized insurance representatives must personally appear for the settlement conference unless a request is made and granted for an exception to this requirement. (ECF No. 57). ECF No. 57 requires such a request to be filed and served on all parties at least 14 days before the settlement conference. With the settlement conference set for March 8, 2024, the deadline to submit a request is Friday, February 23, 2024. Defendants' request is therefore timely under ECF No. 57.

Defendants request that the Individual Defendants be excepted from the requirement to attend the settlement conference. Defendants make this request for three reasons. First, the logistics and cost of having all nine of the Individual Defendants attend would be challenging and very burdensome. For those residing outside of the Las Vegas area, travel expenses would

2

be incurred.  While not much of an issue for one or two parties, this is a significant expense for nine individual parties.  The cost of this significant expense is one that should be saved in the interest of channeling those funds toward any potential settlement.  Relatedly, having nine additional parties attend will greatly increase the amount of time it will take to work towards an agreeable resolution.  The settlement conference will be much more efficient and less costly if the Defendants' representatives in physical attendance are permitted to carry global authority to resolve the matter in its entirety on behalf of all Defendants.  The proposed persons in attendance on behalf of all Defendants would be as follows:

1. Deputy Director Perry Faigin.  Deputy Director Faigin is a Deputy Director for the State of Nevada's Department of Business and Industry.  He is primarily responsible for administrative issues and personnel issues.  He is intimately familiar with the details of this lawsuit and will have the authority to settle the matter on behalf of the Department of Business and Industry, the Taxicab Authority, and all other named Defendants including the Individual Defendants.  It is possible that Deputy Director Faigin will be joined by the current Director of the Department of Business Industry, Dr. Kristopher Sanchez.  Taxicab Authority Interim Administrator Todd Park may also join in person.  Both Dr. Sanchez and Interim Administrator Park would be reachable by those in attendance if they did not attend.  Those who do attend will have full authority to resolve the matter on behalf of all those present and all those who have been excepted from the attendance requirement.

2. Senior Deputy Attorney General Scott H. Husbands.  The undersigned counsel is counsel of record for all 11 Defendants and has represented all 11 Defendants since the inception of this matter.  The undersigned counsel will possess full authority to resolve the matter on behalf of all 11 of his clients.

3. Tort Claims Manager Nancy L. Katafias. The Tort Claims Manager is a necessary part of any settlement conference and possesses the financial authority to commit the State's Tort Claims Fund to any financial obligation in principle pending any approvals required by applicable state law. Ms. Katafias will have the authority to fully resolve the matter on behalf of all Defendants.

Second, while all Defendants will have to agree to and sign any settlement agreement, all Defendants are currently represented by the undersigned and have been represented by the undersigned since this lawsuit was filed. Thus far, there have been no conflicts of interest that have arisen, and the undersigned counsel will be able to represent the interests of all 11 Defendants at the settlement conference. Further, the Tort Claims Manager from the Office of the Attorney General will be in attendance personally at the settlement conference. As the Court is likely familiar, the Tort Claims Manager is a necessary participant in any settlement conference where the state, its agencies, and/or its officers or employees are named as defendants. The Tort Claims Manager's agreement to any settlement is a necessary condition for approval of any settlement and the Tort Claims Manager arrives at a settlement conference with full authority to resolve the matter on behalf of all state-related parties. Thus, the Tort Claims Manager's attendance will be on behalf of the Individual Defendants whose interests will jointly be represented by the undersigned counsel and the Tort Claims Manager.

Lastly, as a practical matter, the non-presence of the nine individual defendants may improve the parties' chances of resolving the matter. Such an arrangement will avoid the possibility of interpersonal issues interfering with the business of settlement discussions. This is a significant benefit in addition to the logistical benefit of reducing the number of parties to accommodate and speak with during the settlement conference.

Overall, the Defendants' request is made for the purposes of streamlining the settlement conference and putting the parties in the best position possible for a resolution. The non-presence of the Individual Defendants will in no way impede an agreement in principle and those in attendance will arrive with the full authority needed to resolve the matter in its entirety on behalf of all named parties.

In sum, the Defendants request that the Individual Defendants be excepted from the requirement to attend the settlement conference. The undersigned counsel will make arrangements with each Individual Defendant to be reachable during the conference should a question or issue arise.

DATED this 23rd day of February 2024.

By: /s/ Scott H. Husbands
SCOTT H. HUSBANDS, ESQ.
Senior Deputy Attorney General
Nevada Bar No. 11398
5420 Kietzke Lane, Suite 202
Reno, NV 89511
**Attorney for Defendants**

**IT IS SO ORDERED:**

DATED this 26th day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE