UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH MORGAN,<br><br>                       Plaintiff,<br><br>   v.<br><br>THE STATE OF NEVADA, *ex rel.* DEPARTMENT OF BUSINESS AND INDUSTRY, *et al.*,<br><br>                      Defendants. | Case No. 2:19-cv-02239-KJD-DJA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 76)** |

       Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 76). Plaintiff filed a response in opposition (ECF Nos. 80/81) to which Defendants replied (ECF No. 84).

**I.    FACTS**

       Plaintiff Joseph Morgan began employment with the Department of Business & Industry ("B&I") Taxicab Authority ("TA") (together the "State Agency Defendants") in 2011. Soon after starting his employment, Morgan was involved in an administrative investigation concerning the alleged misconduct of Morgan's former supervisor. Morgan alleges that his supervisor held a grudge against Morgan as a result of that investigation and began a campaign of harassment against Morgan.

       In 2012, Morgan was involved in a use of force incident while on duty. Morgan was ultimately suspended without pay from state service for eighty (80) working hours as a result of that use of force incident. During the investigation into that use of force incident, two of the individual defendants, Ruben Aquino and Chris Rivers, were recorded without their knowledge having a conversation after Aquino's phone stayed connected to Morgan's wife's phone after a

conversation with Morgan. In 2012, B&I commenced a personnel investigation relating to the recording of that conversation.

Ultimately, Morgan was charged with two felony counts of surreptitiously recording a conversation on state property. While those criminal charges were pending, Morgan was placed on paid administrative leave. Morgan returned to desk duty for a period of time in 2017 while the criminal charges were still pending. Just prior to the trial beginning in July of 2018, Morgan was again placed on administrative leave. Morgan's criminal trial concluded on July 13, 2018, with Morgan being found not guilty on both felony charges.

In September 2018, Morgan's wife went to the TA offices to file a complaint against Morgan's supervisor, Ruben Aquino. Morgan's wife met with Defendant Scott Whittemore, who was then serving as the TA Administrator. Unbeknownst to Whittemore, Mrs. Morgan recorded her interaction with Whittemore. In response to the allegation that Morgan had been involved in another incident of unlawful recording, B&I commenced another personnel investigation. That investigation ultimately resulted in B&I recommending Morgan's termination. This recommendation was carried out and Morgan was terminated from employment with the TA on May 24, 2019.

Morgan filed an administrative appeal of termination. Under applicable state law, B&I had ninety (90) days from the start of the investigation to complete its investigation and inform Morgan of its determination. The hearing officer in the appeal of that matter overturned Morgan's termination and ordered that he be reinstated because email delivery was not in compliance with the local rules for service. By the time of his reinstatement, Morgan had already filed his lawsuit in this matter. By agreement of the parties, Morgan was placed on administrative leave pending the outcome of this action. Defendants have now filed a motion for summary judgment.

II.     **STANDARD FOR SUMMARY JUDGMENT**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials in the record show that there is no genuine issue of material fact and

that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e). If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

### III. ANALYSIS

#### A. Claims Voluntarily Dismissed by Plaintiff

In response to Defendants' motion for summary judgment, Plaintiff has voluntarily dismissed the following causes of action:

- Second Cause of Action for Violation of the Americans with Disabilities Act (Against All Defendants);
- Third Cause of Action for Hostile Work Environment (Title VII) (Against All Defendants);
- Fourth Cause of Action for Discrimination based on disability;
- Tenth Cause of Action for False Light (Against All Defendants);
- Twelfth Cause of Action for Negligent Training and Supervision (Against Business and Industry and Taxicab Authority Supervising Officials);
- Thirteenth Cause of Action for Concert of Action (Against all Individually Named Defendants).

1    Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court dismisses these claims against all Defendants. The Court will now resolve Defendants' motion for summary judgment on the remaining claims in turn.

### B. First Cause of Action for Violation of 42 U.S.C. § 1983 Procedural Due Process Pursuant to the Fifth and Fourteenth Amendments

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Rehberg v. Paulk, 566 U.S. 356, 361 (2012); Graham v. Connor, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48–49 (1988); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. See, e.g., Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (defendants must personally participate in alleged rights deprivation to be liable under § 1983).

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." Manuel v. City of Joliet, 137 S. Ct. 911, 920 (2017) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." Manuel, 137 S. Ct. at 920 (citing Carey v. Piphus, 435 U.S. 247, 257–58 (1978)). See also Cassettari v. Nevada County, Cal., 824 F.2d 735, 738 (9th Cir. 1987) ("In any section 1983 action, the first question is whether section 1983 is the appropriate avenue to remedy the alleged wrong.") (citing Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc)).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49. "A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Id.

#### 1. Defendants State of Nevada and State Agency Defendants

The Court dismisses the § 1983 claim against Defendant State of Nevada *ex rel* Department

of Business and Industry and Defendant State of Nevada *ex rel* Taxicab Authority because they are not "persons" acting under the color of law. Further, Plaintiff cannot raise 42 U.S.C. § 1983 claims against the State of Nevada because of Eleventh Amendment sovereign immunity. See Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also* Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

### 2. Section 1983 Claims against the Individual Defendants under the Fourteenth Amendment

The Fifth Amendment states that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. Amend. V. The Fourteenth Amendment incorporates the same guarantee of due process and applies it to the states. To prove a claim for deprivation of procedural due process under the Fourteenth Amendment, a plaintiff must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." State v. Eighth Judicial Dist. Court *ex rel.* County of Clark, 42 P.3d 233, 242 (Nev. 2002). The parties agree that Morgan has a vested property interest in his employment as a permanent classified employee of the State of Nevada. *See* ECF No. 80 at 95; s*ee also* Secretary of State v. Wendland, 558 P.3d 1199, 1207 (Nev. App. 2024) (permanent classified employee of State of Nevada has a property interest in continued employment).

In Cleveland Bd. of Educ. v. Loudermill, the United States Supreme Court addressed the procedural due process required before a state could terminate a government employee with a property interest in continued employment. 470 U.S. 532, 546 (1985). The Court recognized several competing interests: the employees' interest in remaining employed; the government's interest in removing any unsatisfactory employees; and the risk of a wrongful termination. Id. at

543. To balance those competing interests, the Court concluded that due process required "some form of pretermination hearing." Id. However, that hearing "need not be elaborate" where state law provides for a full post-termination administrative hearing and judicial review. Id. at 545.

Like the state in Loudermill, Nevada provides robust post-termination protections, including a hearing and judicial review. See Wendland, 558 P.3d at 1208 (citing NRS § 284.390(2), (9)). Thus, a permanent classified state employee in Nevada has a procedural due process right, prior to termination, to "oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." Loudermill, 470 U.S. at 546.

Here, Plaintiff argues that his placement on paid administrative leave without a hearing constituted a violation of his Fourteenth Amendment due process rights despite the detailed administrative hearing that he was to have. However, the Supreme Court in Loudermill suggested that placing an employee on administrative leave with pay preserves the employee's property interest. Id. at 544-45; *see also* Dias v. Elique, 436 F.3d 1125, 1132 (9th Cir. 2006) (public employees had no due process right to a pre-termination hearing because they were put on leave with pay). Defendants protected Plaintiff's property interest in his continued employment by placing him on paid administrative leave. Defendants then afforded all that due process required: notice, explanation of the evidence against him, and an opportunity to respond. As such, the Court grants Defendants' motion for summary judgment on the claim that placing Plaintiff on paid administrative leave violated Plaintiff's property rights without due process.

Next, Plaintiff argues that his placement on paid administrative leave denied him a property interest in a promotion. However, the Ninth Circuit Court of Appeals has held that a "mere unilateral expectation of a benefit or privilege is insufficient" to establish a legitimate claim of entitlement to a promotion. Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998) (employee cannot claim a property interest in a promotion without a binding assurance of a forthcoming promotion). Plaintiff did not direct the Court to any material fact establishing at least a question as to whether there was any binding contract to promote Plaintiff. Instead, Plaintiff only asserts his abstract desire or unilateral expectation of a promotion.

Finally, Plaintiff argues that his Fourteenth Amendment Due Process rights were violated when he was improperly served statement of charges via email. <u>See</u> Nevada Administrative Code ("NAC") 284.656(2) (forbidding service by email or social media). However, "a violation of state law is not, in and of itself, sufficient to establish a due process violation in the government employment context." <u>Wendland</u>, 558 P.3d at 1209 (citing <u>Loudermill</u>, 470 U.S. at 541 (observing that "once it is determined that the Due Process Clause applies, 'the question remains what process is due'" and "[t]he answer to that question is not to be found in the [state] statute")). As a result, the Court grants Defendants' motion for summary judgment on Plaintiff's First Claim for Fourteenth Amendment Due Process violations.

      **C.**     **Fifth Cause of Action for Retaliation**

In response to Defendants' motion for summary judgment on Plaintiff's broad cause of action for retaliation, Plaintiff asserts that the cause of action arises under the Rehabilitation Act of 1974. (ECF No. 80 at 16-17). However, Plaintiff's complaint does not mention a cause of action arising under the Rehabilitation Act. For this reason, the Court dismisses Plaintiff's cause of action for retaliation. However, even if the Court allowed Plaintiff to amend his complaint after the deadline has passed and after he has failed to show good cause for missing the deadline, the Court would still grant Defendants' motion for summary judgment.

"Because the ADA was modeled on section 504 of the Rehabilitation Act, 'courts have applied the same analysis to claims brought under both statutes.' " <u>Boose v.Tri-County Metro. Transp. Dist. of Oregon</u>, 587 F.3d 997, 1001 n. 5 (9th Cir.2009) (quoting <u>Zukle v. Regents of Univ. of Cal.</u>, 166 F.3d 1041, 1045 n. 11 (9th Cir.1999)). <i>See also</i> <u>Douglas v. California Dep't of Youth Auth.</u>, 285 F.3d 1226, 1229 n. 3 (9th Cir.2002) (noting that cases interpreting the ADA and the Rehabilitation Act are "interchangeable").

In order establish a prima facie case of retaliation under the Rehabilitation Act, an employee "must establish that: (1) he or she engaged in a protected activity; (2) he or she suffered an adverse employment action; and (3) there was a causal link between the two." <u>Pardi v. Kaiser Foundation Hosp., Inc.</u>, 389 F.3d 840, 849 (9th Cir. 2004). The causation required for retaliation claims under federal law is "but-for" causation. <u>Univ. of Tex Sw. Med. Ctr. v. Nassar</u>,

570 U.S. 338 (2013). Plaintiff has not alleged or provided sufficient evidence to indicate that he engaged in any specific protected activity under any specific provision of the Rehabilitation Act, or that he suffered a particular adverse employment action because he engaged in that alleged protected activity, let alone that "but for" his having engaged in that protected activity, he would not have suffered the adverse employment action.

Instead, Plaintiff alleges that his wife, not an employee of the State of Nevada, engaged in protected activity by filing a complaint with Scott Whittemore, the administrator of the Taxicab Authority. However, all of the cases recognizing that a plaintiff has stated a retaliation claim when they allege that their spouse filed a complaint of discrimination that resulted in the non-complaining spouse being disciplined or terminated involve situations in which both spouses work for the same employer. See, e.g., Thompson v. North Am. Stainless, L.P., 562 U.S. 170, 175-78 (2011). Therefore, the Court finds that Plaintiff failed to allege a claim under the Rehabilitation Act, and considering the claim on the merits, failed to show material facts raising a question as to whether he engaged in protected activity. As such, the Court grants Defendants' motion for summary judgment on the claim for retaliation.

### D. Remaining State Law Claims and Supplemental Jurisdiction

The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice). All of the remaining claims – malicious prosecution, conspiracy, intentional infliction of emotional distress, defamation, and negligence – arise under state law. The Court has granted summary judgment on Plaintiff's 42 U.S.C. § 1983 claim based on Fourteenth Amendment Due Process violations and Plaintiff's untimely Rehabilitation Act claim. Plaintiff voluntarily dismissed all other claims arising under the Constitution or federal statute.[1] As a result, the Court exercises its broad discretion to decline

---

[1] Even if Plaintiff had not voluntarily dismissed those claims, the Court would have granted summary judgment for Defendants on those claims.

to exercise supplemental jurisdiction and to dismiss the remaining state law claims without prejudice.

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 76) is **GRANTED.**

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff on all federal claims, including the claims arising under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment and the retaliation claims arising under the Rehabilitation Act.

IT IS FURTHER ORDERED that all other state law claims are **DISMISSED without prejudice**.

IT IS FINALLY ORDERED that the Clerk of the Court close this case.

DATED: September 30, 2025

Kent J. Dawson
United States District Judge